IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE 1; JANE DOE 2; JANE DOE 3;
and JOHN DOE,

    Plaintiffs,

vs.                                             Civ. No. 04-839 JP/RHS

CAROLYN INGRAM, Director of the
New Mexico Human Services Department;
NEW MEXICO HUMAN SERVICES DEPARTMENT,
MEDICAL ASSISTANCE DIVISION; STATE OF
NEW MEXICO; PRESBYTERIAN HEALTH PLAN,
INC., a New Mexico corporation; DAVID R. SCASE,
President of Presbyterian Health Plan; and DALE C.
MAXWELL, Vice President and Chief Financial Officer
of Presbyterian Health Plan,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On July 28, 2004, the Plaintiffs filed Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction (Doc. No. 2). On July 29, 2004, the Court held a hearing on the Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction. Matthew Holt and Byron Gross appeared as legal counsel on behalf of the Plaintiffs. Plaintiffs did not attend the hearing. Paul Ritzma appeared as legal counsel on behalf of the state Defendants, whose representatives Eleanor Dickson and Alana Reeves were present. Gregg Fallick appeared as legal counsel on behalf of the Presbyterian Health Plan (PHP) Defendants, whose representatives Mary Eden, Michael Sievert, M.D., Dale Maxwell, Roger Clark, Gabriel Pena, and Christina Vigil were present.

    The district court may grant a temporary restraining order (TRO) or preliminary

injunction if the moving party shows: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest." *See Kansas Health Care Ass'n, Inc. v. Kansas Dept. of Social & Rehabilitation Services*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (citing *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993); *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992)). In regard to the likelihood of success on the merits, the movant may often satisfy that factor by raising "'questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation.'" *City of Chanute v. Kansas Gas and Elec. Co.*, 754 F.2d 310, 314 (10th Cir. 1985)(quoting *Otero Savings and Loan Association v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275, 278 (10th Cir. 1981)). "Because a preliminary injunction is an 'extraordinary remedy . . . the right to relief must be clear and unequivocal.'" *Kansas Health Care*, 31 F.3d at 1543 (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)). Moreover, when a TRO or preliminary injunction disturbs the status quo, is mandatory as opposed to prohibitory, or gives the movant substantially all the relief the movant may recover at the end of a trial on the merits, the movant has a heightened burden of showing that the four TRO factors weigh heavily and compellingly in movant's favor. *See SCFC ILC, Inc.*, 936 F.2d at 1098-99.

  For the reasons stated on the record at the July 29, 2004 hearing, I find that the Plaintiffs failed to show they would be irreparably harmed in the absence of a TRO and failed to show that they had a substantial likelihood of prevailing on the merits. Since the Plaintiffs have not shown

that they have a clear and unequivocal right to the extraordinary relief a TRO provides, I will deny their application for a TRO.

IT IS ORDERED that Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction (Doc. No. 2) is denied to the extent the Plaintiffs seek a temporary restraining order.

_____
SENIOR UNITED STATES DISTRICT JUDGE